# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
MARY GAIL THIEL ) CASE NO.: 11-34576(1)(7)
)
Debtor(s) )

## MEMORANDUM-OPINION-ORDER

This matter came before the Court on the Motion for Relief to File Response Out of Time of Creditor Ocwen Loan Servicing, LLC and the Motion to Vacate the Order Sustaining the Trustee's Objection to Proof of Claim and Motion to Reconsider Claim of Creditor Ocwen Loan Servicing, LLC ("Creditor"). The Court considered the Motions of the Creditor, the Responses thereto of the Trustee, William Stephen Reisz ("the Trustee"), and the arguments of counsel for the parties at the hearing held on the pending matters. For the following reasons, the Court will **GRANT** the Creditor's Motions and vacate the Order sustaining the Trustee's Objection to the Creditor's Proof of Claim No. 8.

Creditor's Proof of Claim No. 8, was filed on May 10, 2013. On April 30, 2015, the Trustee filed an Objection to the Creditor's Proof of Claim. The Court sent out a notice on May 1, 2015 indicating that any objections to the Trustee's Objection were due by May 21, 2015.

On May 22, 2015, having received no objections to the Trustee's Motion, the Court entered an Order sustaining the Trustee's Objection to Claim No. 8 disallowing said claim.

Creditor states that its attorney had prepared a Response to the Trustee's Objection on May 21, 2015 and attempted to file it through the ECF filing system with the Court, but discovered on May 22, 2015 that there was an error and that the Objection was not filed. Creditor filed its

Response to the Trustee's Objection on May 22, 2015, as well as a Motion for Leave to File its Response to the Trustee's Objection approximately 2 hours later. The Court's Order sustaining the Trustee's Objection was entered 7 minutes prior to the Creditor's filing of the Motion for Leave to File its Response to the Trustee's Objection to the Proof of Claim. The Court held a hearing on June 23, 2015 and requested both parties to further supplement the record after which the Court took the matter under submission.

Pursuant to Fed. R. Bankr. P. 3008, any party-in-interest may move for reconsideration of an order allowing or disallowing a claim against the estate. It is this Court's policy to decide matters on the merits. Considering that the Creditor attempted to timely file its Response to the Trustee's Objection, discovered its error within 24 hours and immediately requested that the Court vacate the Order sustaining the Trustee's Objection, as well as request the Court for leave to file its Response to the Trustee's Objection and to reconsider the Order disallowing the claim, there could be no prejudice. Indeed, the Trustee did not claim any prejudice by this Court's reconsideration of the Order disallowing the claim. Therefore, the Court will accept the Creditor's Response to the Trustee's Objection, Vacate the Order Sustaining the Trustee's Objection to the Proof of Claim and Disallowing Claim No. 8 and set the Trustee's Objection to Claim No. 8 and the Creditor's Response for a hearing by separate Order.

The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, that the Motion for Leave to File Response to Trustee's Objection to the Proof of Claim No. 8 of Creditor Ocwen Loan Servicing, LLC, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court's Order Sustaining the Trustee's Objection to Proof of Claim No. 8 entered on May 22, 2015, be and hereby is, **VACATED**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 21, 2015